R. Scott Andrews, SBN 219936
KIMBALL, TIREY & ST. JOHN, LLP
2040 Main Street, Suite 500
Irvine, CA 92614
(949) 476-5585
(949) 476-5580 (fax)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| POINTE NIGUEL PARTNERS, L.P.<br><br>Plaintiff,<br><br>Vs.<br><br>MICHAEL LEBLANC; and DOES 1 to 10, Inclusive | Case No.: SACV 18-00060 JVS (JDEx)<br><br>**EX-PARTE APPLICATION TO SHORTEN TIME ON PLAINTIFF'S MOTION TO REMAND THIS CASE TO STATE COURT** |

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

Please take notice that the Plaintiff applies ex-parte to shorten time on Plaintiff's motion to remand this Case back to State Court.

This application will be made upon its papers and filings, the Memorandum of Points and Authorities as well as such oral argument that may occur at the hearing in this action should this court invite oral argument.

If you wish to oppose this application, opposing party must file an opposition within 24 hours following service of this application.

///

1     This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 17, 2018.

DATED: January 17, 2018          KIMBALL, TIREY, & ST. JOHN, LLP

By:_____
    R. SCOTT ANDREWS
    California Bar # 219936
    Attorneys for Plaintiff

R. Scott Andrews, SBN 219936
KIMBALL, TIREY & ST. JOHN, LLP
2040 Main Street, Suite 500
Irvine, CA 92614
(949) 476-5585
(949) 476-5580 (fax)

Attorneys for Plaintiff:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

POINTE NIGUEL PARTNERS, L.P.

        Plaintiff,

Vs.

MICHAEL LEBLANC; and DOES 1 to 10, Inclusive

        Defendant(s)

Case No.: SACV 18-00060 JVS (JDEx)

**POINTS AND AUTHORITIES IN SUPPORT OF EX-PARTE APPLICATION TO SHORTEN TIME ON PLAINTIFF'S MOTION TO REMAND THIS CASE TO STATE COURT**

The Plaintiff now files this Memorandum of Points and Authorities in Support of their Ex-Parte Application to shorten time on Plaintiff's motion to remand this Case back to State Court.

### STATEMENT OF FACTS

On or about April 8, 2017, Plaintiff and Defendant entered into a written rental agreement for certain property located 29721 Niguel Rd., #A, Laguna Niguel, CA 92677. The agreement called for a monthly rent of $1,830.00 per month to be paid to on the 1st of each month to the Plaintiff

On or about December 5, 2017, Plaintiff caused to be served on Defendant a Three Day Notice to Pay Rent or Quit for failure to pay the balance of the November and December 2017 rent. Defendant failed to comply with the three day notice to pay or quit within the notice period and remains in possession of the premises as of today.

As a result of the failure of Defendant to pay rent or surrender possession, the underlying cause of action was filed by plaintiff on or about December 15, 2017. As its first responsive pleading, Defendant has filed a frivolous Demurrer which was overruled on January 3, 2018 after an ex-parte to advance the demurrer.

Following that hearing, the, Defendants filed an answer and a trial date was set for January 17, 2018. Just prior to trial, the Defendants filed this frivolous removal action.

This case is based solely on non-payment of rent from a residential tenant and there is no basis for removal of this action to Federal court. The Defendants simply purchased this removal in attempt to delay the eviction. The claim of wrongful foreclosure is totally meritless.

### 1. THIS CASE SHOULD BE REMANDED BACK TO STATE COURT

In this unlawful detainer action, it does not appear that the United States District Court has jurisdiction. According to *Crenshaw v. Great Cent. Inc. Co.* (1973, CA8 Mo) 482 F2d 1255, 17 F21255, 17 FR Serv 2d 1343 (criticized in *Coca-Cola Bottling of Emporia, Inc. v. South Beach Bev. Co.* (2002, DC Kan) 198 F. Supp 2d 1280) in an action in which state court has jurisdiction, but in which Federal Court lacks both original and removal jurisdiction, Federal District Court should remand the case, and dismissal is inappropriate.

In ruling on a remand motion, the court ordinarily will determine removability from the complaint, as it existed at the time of removal, together with the removal notice. If the complaint is unclear as to the grounds for removal, it is proper to consider the entire record of the state court proceedings. See *Miller v. Grgurich* (10th Cir 1985) 763 F. 2d 372, 373, and *McPhail v. Deere & Co.* (2008) 529 F3d 947, 953 at 956.

///

In this case, there are no pleadings in the removal documents that allow for removal or consideration that there is any viable federal question in issue. This is a simple Unlawful Detainer action for non-payment of rent. A Defendant generally may not create removal jurisdiction based upon her possible counterclaims or cross complaints. See *Franchise Tax Board v. Construction Laborers Vacation Trust* (1983) 463 US 1, 103 S. Ct. 2841. A defendant may not remove a case to Federal Court unless the Plaintiff's complaint establishes that the case arises under "Federal Law", which is superseded by statue on other grounds as stated in *Ethridge v. Central House Restaurant* (1988) 861 F. 2d 1389, 1392 n.3 and *Caterpillar, Inc. v. Williams* (1987) 482 US 386, 393, 107 S. Ct. 2425 which states that a case may not be removed to Federal Court on the basis of a Federal Defense.

There is no basis for removal under 28 *USC* Section 1441(b). Defendants provide no basis for this matter not to be remanded despite clear precedent supporting remand back to State Court.

Additionally, since this case was served, at least 30 days have passed thus invalidating this Removal. 28 *USC* Section 1446 states that the federal removal must be done within 30 days of filing the civil state action....obviously this filing is well outside those 30 days.

28 *USC* Section 1446 states in part:

"(b) Requirements; Generally.—
(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

In addition, since this removal was done in bad faith and without a viable reason, the Plaintiff should be allowed to recover their attorney fees in this action under 28 *USC* Section 1447(c) which states in part that "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

## 2. THE GRANTING OF EX—PARTE APPLICATION IN PROPER UNDER THE CIRCUMSTANCES

The current case is an unlawful detainer action. Plaintiff is the owner of the property and, therefore, proper owner of the premises in which the Defendant is living in the premises rent-free. The basis for the unlawful detainer is found at *California Code of Civil Procedure* §1161 and the Plaintiff continues to be irreparably injured to the tune of $61.00 per day. Under *California Code of Civil Procedure* §1179a, the California Legislature determined that Unlawful Detainer actions are summary proceedings entitled to priority. Each day the plaintiff is denied a trial date increases his injury. There is no other form of relief for which plaintiff may pray and he seeks to maintain the summary nature of the unlawful detainer proceedings. There is no prejudice to the Defendant to have the matter remanded back to state court where the state court, has proper jurisdiction, and is fully competent to decide the issues regarding California unlawful detainer statues and procedures.

## CONCLUSION

The Defendant has failed to establish a federal question of any proper basis for removal to Federal Court. As such, this court should shorten time on Plaintiff's motion to Remand this case back to the State Court (Orange County Superior Court, Case # 30-2017-00961605-CL-UD-HJC). In addition, the order for remanding this case should also allow the Plaintiff to recover their attorney fees incurred for her appearance and preparation of filings in this court.

DATED: January 17, 2018

KIMBALL, TIREY, & ST. JOHN, LLP

By:_____
R. SCOTT ANDREWS
California Bar # 219936
Attorneys for Plaintiff

R. Scott Andrews, SBN 219936
KIMBALL, TIREY & ST. JOHN, LLP
2040 Main Street, Suite 500
Irvine, CA 92614
(949) 476-5585
(949) 476-5580 (fax)

Attorneys for Plaintiff:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| POINTE NIGUEL PARTNERS, L.P.<br><br>Plaintiff,<br><br>Vs.<br><br>MICHAEL LEBLANC; and DOES 1 to 10, Inclusive<br><br>Defendant(s) | Case No.: SACV 18-00060 JVS (JDEx)<br><br>**DECLARATION OF R. SCOTT ANDREWS RE; EX-PARTE NOTICE** |

I, R. Scott Andrews declare as follows:

1. I am an attorney at law, duly licensed to practice before all of the Courts of the State of California. I am an associate attorney of Kimball, Tirey, & St. John, LLP, the attorney of record in this matter and the information set forth below is of my own personal knowledge. If called and sworn as a witness, I would and could competently testify thereto.

2. On January 17, 2018, at approximately 4:35 pm, I telephoned the Defendant at (949) 291-4002. This number was found on the state court filed demurrer. The call was answered by a voicemail system and I was asked to leave a message. I left a message for the

Defendant of my clients filing of the ex-parte application on January 17, 2018 and the contents of the application.

    I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 17th day of January 2018, at Irvine, California.

_____
R. Scott Andrews

R. Scott Andrews, SBN 219936
KIMBALL, TIREY & ST. JOHN, LLP
2040 Main Street, Suite 500
Irvine, CA 92614
(949) 476-5585
(949) 476-5580 (fax)

Attorneys for Plaintiff:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| POINTE NIGUEL PARTNERS, L.P.<br><br>Plaintiff,<br><br>Vs.<br><br>MICHAEL LEBLANC; and DOES 1 to 10, Inclusive<br><br>Defendant(s) | Case No.: SACV 18-00060 JVS (JDEx)<br><br>**[Proposed] ORDER GRANTING EXPARTE APPLICATION FOR AN ORDER SHORTENING TIME ON PLAINTIFF'S MOTION TO REMAND** |

The ex-parte application of Plaintiff, POINTE NIGUEL PARTNERS, L.P. for an order to shorten time on Plaintiff's motion to remand the above-entitled action to the Orange County Superior Court, Harbor Justice Center, was considered and it is hereby ordered:

IT IS ORDERED that the ex-parte application be, and it hereby is, granted and Plaintiff's motion to remand the matter to state court is shortened and now will be heard _____ at _____ in Courtroom 10C.

///

///

EX-PARTE APPLICATION
17

DATED:

By:_____

United States District Judge

PROOF OF SERVICE
STATE OF CALIFORNIA )
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Kimball, Tirey & St. John, LLP, 2040 Main Street, Suite 500, Irvine, CA 92614.

On January 17, 2018, I served the foregoing documents described as
1) **EX-PARTE APPLICATION TO SHORTEN TIME ON PLAINTIFF'S MOTION TO REMAND THIS CASE TO STATE COURT;**
2) **POINTS AND AUTHORITIES IN SUPPORT OF EX-PARTE APPLICATION TO SHORTEN TIME ON PLAINTIFF'S MOTION TO REMAND THIS CASE TO STATE COURT;**
3) **NOTICE OF MOTION TO REMAND THIS CASE TO STATE COURT;**
4) **POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND THIS CASE TO STATE COURT;**
5) **DECLARATION OF R. SCOTT ANDREWS RE; EX-PARTE NOTICE;**
6) **[Proposed] ORDER GRANTING EXPARTE APPLICATION FOR AN ORDER SHORTENING TIME ON PLAINTIFF'S MOTION TO REMAND**
7) **CERTIFICATION AS TO INTERESTED PARTIES**

on the interested parties in this action:

[X] by placing a copy thereof in sealed envelopes addressed as follows:

Michael LeBlanc
29721 Niguel Rd., #A
Laguna Niguel, CA 92677

[ ] (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] (BY OVERNIGHT DELIVERY) As follows: By overnight delivery via Overnight Courier to the above-described address(es) or office of the above-described addressee(s).

[X] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 17, 2018 at Irvine, California.

By: R. Scott Andrews

Proof of Service
1